USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/4/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL E. MEGGINSON,

                Plaintiff,

-against-

CITY OF NEW YORK; LILWANIA GLOVER;
GRVC INTAKE CAPTAIN ARIAS; NY DOC 2
STAR CHIEF CAPUTO; ANNEX AREA
SUPERVISOR OF GRVC DILLION; 12 MAIN
HEARTS ISLAND STAFF,

                Defendants.

26-CV-3488 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who currently is incarcerated at the Robert N. Davoren Center on Rikers Island, brings this action *pro se*. Plaintiff alleges that his claims arose on April 13, 2026, at the George R. Vierno Center ("GRVC") on Rikers Island. By order dated April 29, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.**   **Claims against "12 Main Hearts Island Staff".[2]**

Plaintiff names "12 Main Hearts Island Staff" as defendants in the caption of the complaint, but he does not mention these defendants in the body of the complaint or allege facts about what these staff members allegedly did or failed to do that violated Plaintiff's rights.  The Court therefore dismisses Plaintiff's claims against Defendants "12 Main Hearts Island Staff" for failure to state a claim on which relief can be granted, without prejudice to his repleading these claims.

**B.**   **Waiver of Service of Summons**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests a waiver of service of summons from Defendants City of New York, GRVC Deputy Warden Lilwania Glover, GRVC Intake Captain Arias, Chief Joseph Caputo, and GRVC Annex Area Supervisor Dillion.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction (DOC) to identify the named defendants.  It is therefore ordered that, if the DOC is unable to waive service for any of the named defendants, the New York City Law Department, which is the attorney for and

---

[2] The Court assumes this is a reference to Hart Island or Hart's Island, which is adjacent to Riker's Island and where Riker's Island inmates are sometimes assigned to work duties. *See* www.nyc.gov/site/hartisland/index.page.

agent of the DOC, must ascertain the identity and, if relevant, the badge number of each such defendant and the address where the defendant may be served.[3]  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of the waiver of service returned unexecuted.  Once the Court receives this information, if necessary, the Court will issue an order asking such defendant(s) to waive service of process.

**C.    Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[4]

<b>CONCLUSION</b>

The Court dismisses Plaintiff's claims against "12 Main Hearts Island Staff," without prejudice to repleading.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that Defendants City of New York, GRVC Deputy Warden Lilwania Glover, GRVC Intake Captain Arias, Chief Joseph Caputo, GRVC Annex Area Supervisor Dillion waive service of summons.

The Clerk of Court is directed to mail an information package to Plaintiff.

---

[3] If any such defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   May 4, 2026
        New York, New York

MARGARET M. GARNETT
United States District Judge

4