**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

August 31, 2026

The Court is in receipt of the letter at Dkt. No. 22 filed by Defendant the City of New York (the "City). The City's request that the Court stay this matter against Defendant GRVC Intake Captain Arias ("Arias") until his return to the United States in August 2027 is **GRANTED**. This action is **STAYED** as to Arias until **August 31, 2027**. By **August 31, 2027**, the City shall file a letter updating the Court on whether Arias has returned to the United States.

As to Defendant Annex Area Supervisor of GRVC Dillion, the City has identified Captain Tyranni Dillard, Shield No. 1873, as the "member of DOC who was the GRVC area supervisor on April 13, 2026," and further noted that "an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants rather than by personal service at a DOC facility[.]" (Dkt. No. 22 at 2). Accordingly, by **September 15, 2026**, the City shall file an electronic waiver of service (the "Waiver") for Captain Tyranni Dillard.

The deadline for the City and Defendants Joseph Caputo and Lilwania Glover to respond to Complaint shall continued to be **HELD IN ABEYANCE** until 21 days after the City files the Waiver.

The Clerk of Court is respectfully directed to mail a copy of this Order to Michael E. Megginson 349-260-1147 RNDC 4# Building, Rikers Island, 11-11 Hazen Street, East Elmhurst, NY 11370

The Clerk of Court is respectfully directed to close Dkt. No. 22.

SO ORDERED. September 1, 2026

SARAH L. CAVE
United States Magistrate Judge

**BY ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Re: Michael E. Megginson v. City of New York, et al., 26 Civ. 03488 (MMG) (SLC)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney representing Defendant City of New York ("City") in the above-referenced matter.[1] Defendant City respectfully writes: (1) in accordance with the Court's May 4, 2026 Valentin Order, and (2) to request that the Court *sua sponte* stay this matter as it relates to Defendant Arias pending his return to the United States. This is the first request of this kind. Mr. Capio was unable to expediently obtain Plaintiff's position with respect to this request due to his current incarcerated status.

By way of background, Plaintiff Michael Megginson, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, various constitutional violations arising from an incident that occurred at the George R. Vierno Center ("GRVC") facility on Rikers Island on or about April 13, 2026. See ECF No. 1. Plaintiff names the City of New York, Lilwania Glover, Joseph Caputo, GRVC Intake Captain Arias, GRVC Annex Area Supervisor Dillion, and 12 Main Hearts Island Staff as Defendants in this action. See id. On May 4, 2026, the Court dismissed

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

claims against 12 Main Hearts Island Staff and directed Defendants City, Glover, Caputo, Arias, and Dillion to waive service of summons. See ECF No. 7. Additionally, the Court's May 4 Order directed this Office to "ascertain the identity and, if relevant, the badge number … and the address where the defendant may be served" if DOC was unable to waive service for any named defendant and provide that information "within sixty days of the date the waiver of service [is] returned unexecuted." Id. On June 1, 2026, a waiver of service returned unexecuted as to Defendant Dillion was entered on the docket, indicating that DOC could not identify the individual and needed more information. See ECF No. 11. On June 4, 2026, a waiver of service returned unexecuted as to Defendant Arias was entered on the docket, indicating that Defendant Arias was no longer employed by DOC. See ECF No. 13. On June 16, 2026, the Court issued an Order directing the United States Marshals Service "to effectuate service of the summons and Complaint on Dillion and Arias." ECF No. 19. On July 30, 2026, the Court granted this Office's request for an extension of time to respond to the Court's May 4 Valentin Order and provide a service address for Defendant Arias, and directed this Office to respond by August 31, 2026. See ECF No. 21.

First, this Office has conducted an investigation into the allegations of the Complaint concerning GRVC Annex Area Supervisor Dillion, who was allegedly involved in an incident involving Plaintiff on or about April 13, 2026, at the GRVC facility. As an initial matter, based on that investigation, and upon information and belief, there was no Annex Area Supervisor named "Dillion" assigned to GRVC on April 13, 2026. Nonetheless, Plaintiff's Complaint contains allegations regarding the same GRVC Annex Area Supervisor Dillion, including that "Capt. Dillion had [Plaintiff] placed back [in] the same 11A housing unit [where] … [Plaintiff] was savagely jumped and beaten by the correctional guards, and [sprayed] multiple times again." ECF No. 1 at 4. Accordingly, to the extent the individual Plaintiff intends to sue in this lawsuit as the GRVC Annex Area Supervisor was the member of DOC who was the GRVC area supervisor on April 13, 2026, this Office identifies the following individual, who is a current member of the DOC, and notes that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants rather than by personal service at a DOC facility:

- Captain Tyranni Dillard, Shield No. 1873[2]
  New York City Department of Correction
  George R. Vierno Center
  09-09 Hazen Street
  East Elmhurst, NY 11370

With respect to the request that the Court *sua sponte* stay this matter against Defendant Arias, the reason for the request is that, upon information and belief, Defendant Arias is presently out of the country and is expected to be out of the country until August 2027. Based upon this Office's conferral with DOC, it is our understanding that due to former Captain Leocadio Arias being out of the country, there are difficulties surrounding his ability to execute and notarize the necessary paperwork for DOC to file an executed waiver of service on his behalf.

---

[2] All communication with any current or former employees of the New York City Department of Correction or any other City agency, except for service of process, should be made through the undersigned.

Courts have broad inherent discretion to stay proceedings in the interests of justice, and district courts within the Second Circuit have exercised that power to stay actions against defendants who are abroad. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." Coinbase, Inc. v. Bielski, 599 U.S. 736, 752, 143 S. Ct. 1915, 1926 (2023) (quoting Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). "Generally, in deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Delgado v. NJ Transit Rail Operations, Inc., 329 F.R.D. 506, 508 (S.D.N.Y. 2019). "It is well settled that a court has the discretion to stay an action in the 'interest of justice….'" Gudavadze v. Kay, 556 F. Supp. 2d 299, 309 (S.D.N.Y. 2008) (quoting Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986)). Here, the factors weigh in favor of a stay with respect to Defendant Arias as he is not in the country, which affects his ability to be served and to conduct a defense in this case. Moreover, Plaintiff will not be prejudiced as this matter will proceed against the other named and properly served Defendants.

Accordingly, the undersigned respectfully requests that the Court *sua sponte* stay this matter against Defendant Arias until his return to the United States.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*
Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC: **VIA FIRST-CLASS MAIL**
Michael E. Megginson
*Plaintiff pro se*
B&C: 349-260-1147
Robert N. Davoren Center
#4 Building
11-11 Hazen Street
East Elmhurst, NY 11370